# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2011

No. 10-50034

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellant

v.

RANDALL OVERLEY,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-157-1

Before JONES, Chief Judge, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The Government appeals the district court's order suppressing evidence seized from Defendant-Appellee Randall Overley's (Overley) vehicle at the time of his arrest following a traffic violation. We find no error and AFFIRM the ruling of the district court.

The Government contends that the district court erroneously found that the search of Overley's vehicle was not justified under the inventory-search exception. When considering a district court's ruling on a motion to suppress,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50034

we review the "district court's factual findings for clear error and its ultimate conclusion as to the constitutionality of the law enforcement action de novo." *United States v. Chavez-Villarreal*, 3 F.3d 124, 126 (5th Cir. 1993). This Court "may affirm the district court's ruling on a motion to suppress based on any rationale supported by the record." *United States v. Roberts*, 612 F.3d 306, 309 (5th Cir. 2010). We are mindful that because the police officer conducted a search without a warrant, the "government bears the burden of proving that the search was valid." *United States v. Roberts*, 612 F.3d 306, 309 (5th Cir. 2010). An inventory search does not violate the "Fourth Amendment if it is conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from danger." *United States v. Lage*, 183 F.3d 374, 380 (5th Cir. 1999).

Here, the district court expressly "reject[ed] any assertion that the search of Overley's vehicle was an inventory search incident to impounding Overley's vehicle." The Government points to the police officer's testimony that Overley's vehicle was "impounded." However, the following questioning is the only evidence in the record with respect to the police officer's conducting an "inventory search," as opposed to an illegal warrantless search:

Q      So on that basis, you impounded the vehicle?

A      Yes

Q      Correct? And then – and obviously as part of that impound, an inventory had to be done as well?

A      Yes. Yes, sir.

Q      Okay. All right  And as part of inventory or search or however you want to characterize it, the firearm was located; correct?

No. 10-50034

A    Correct.

The district court did not have to credit this witness's testimony.  *See United States v. Davis,* 76 F.3d 82, 85 (5th Cir. 1996).  Further, there is no other evidence that the police officer performed the search and impounded the vehicle pursuant to Austin Police Department (APD) policy.  During the evidentiary hearing, Overley submitted a copy of APD's written policies and procedures, which was entitled "Impounding Vehicles."  The relevant part of the policy provides that:  "In all incidents where a vehicle is impounded or moved, the officer will make an inventory of the vehicle for damage and any items of personal property."  Additionally, "[a]ll damage and personal property located during an inventory of a vehicle will be listed on the impound sheet including its description and location."  The officer did not testify that his search comported with APD policy.  For instance, no impound sheet was admitted during the evidentiary hearing.  Indeed, no testimony was offered to show that the police officer took a proper inventory of the vehicle in accordance with the procedures set forth in APD's policy.

Although this Court has recognized that APD's written "procedures are sufficiently specific to protect citizens' Fourth Amendment rights," the evidence in this case does not establish that the procedures were followed.  *United States v. Ponce*, 8 F.3d 989, 995 n.5 (5th Cir. 1993).  Based on this record we cannot conclude that the district court's implicit factual finding that the inventory procedures were not followed is clearly erroneous.[1]  Under these circumstances,

---

[1]  We recognize that the ultimate determination of whether an inventory search is valid is reviewed de novo.  *United States v. Como*, 53 F.3d 87, 91 (5th Cir. 1995).

3

No. 10-50034

the Government has not shown that the district court erred in concluding that the evidence did not establish a valid inventory search.[2]

Thus, for the foregoing reasons, we AFFIRM the district court's order granting Overley's motion to suppress the evidence.

---

[2] Finally, we note that the Government has not demonstrated plain error with respect to whether the gun would have been inevitably discovered.

4